**William Vincent "Luke" BUDD, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 09–85–159–CR.**

Court of Appeals of Texas, Beaumont.

Nov. 27, 1985.

Travis E. Kitchens, Groveton, for appellant.

Joe L. Price, Dist. Atty., San Jacinto County, Groveton, for appellee.

OPINION

BROOKSHIRE, Justice.

Appellant was indicted for knowingly manufacturing more than 400 grams of a controlled substance, methamphetamine, by chemical synthesis. Upon the trial, the Appellant withdrew all of his motions except the motion to quash the indictment. The court assessed punishment at 8 years. The sentence was to run concurrently with a certain sentence that the Appellant was facing in a federal court proceeding.

The Appellant signed certain waivers and stipulations. Appellant signed a stipulation of evidence which amounted to a judicial confession. Appellant stipulated and admitted that he was the identical person named in the indictment and that all the acts and allegations in the indictment were true and correct; that they occurred in San Jacinto County except that the amount of methamphetamine manufactured was less than 28 grams. The State filed a motion to reduce the offense to a lesser included offense of the manufacture of less than 28

grams of the controlled substance. Defendant had no objection.

In open court, with his attorney present, the Appellant pleaded guilty, saying he did so freely and voluntarily and that there had been no threat or coercion. He further stated that he had not been promised anything to plead guilty and that he was pleading guilty because he was guilty and for no other reason. The court admonished him that the range of punishment was from 5 to 99 years or life and the court did mention a possible fine of up to $10,000. The Appellant unequivocally said that he understood the range of punishment fully and that he understood all the rights that he was giving up by signing the waivers and stipulations. Appellant desired no further explanation of any of these matters by the court.

Then the court told Appellant that it was the court's understanding that the Appellant and the State had entered into a plea bargain and that, if the court did accept the plea bargain and did not assess a greater sentence, the Appellant would not be allowed to appeal except on the issue of the denial of his motion to quash the indictment. The Appellant unequivocally stated that he understood the plea bargaining procedure and his rights of appeal being limited thereunder. In fact, the Appellant asked the court to accept the recommendation and the plea bargain. The court then advised and admonished the Appellant that he would accept the plea bargain and the recommendation and asked if he still persisted in pleading guilty. Appellant persisted in insisting upon his guilt. The 8 years punishment was in accordance with the recommendation of the district attorney's office. The hearing was held on June 5, 1985.

Appellant argues that the indictment alleged an offense under *TEX.REV.CIV. STAT.ANN. art. 4476–15, sec. 4.03(d)(3)* (Vernon Supp.1985). The punishment under *sec. 4.03(d)(3)* was a range of for life or not more than 99 years nor less than 15 years and a fine not to exceed $250,000 for the manufacture of this controlled substance, if the substance was by weight 400 grams or more. The trial judge did not admonish on this range of punishment. Appellant ably argues that the said Act, as he contends, being *art. 4476–15*, V.A.T.S., *sec. 4.03(d)(3)* has been declared unconstitutional. He is correct, citing *Ex Parte Crisp*, 661 S.W.2d 944 (Tex.Crim.App.1983). This Act was also known as H.B. 730, passed by the Legislature in 1981, Acts of the 67th Legislature-Regular Session, Chapter 268, page 696, effective September 1, 1981. *Ex Parte Crisp supra*, was handed down September 14, 1983, nearly two years later.

◼ The Court of Criminal Appeals, in *Ex Parte Crisp, supra*, specifically held that if an amendment to an act is declared unconstitutional and invalid, then the original act remains in full force and effect even though the amendment has no saving clause. *White v. State*, 440 S.W.2d 660 (Tex.Cr.App.1969); *Doucette v. State*, 166 Tex.Cr.R. 596, 317 S.W.2d 200 (1958). The court decided:

"... We therefore hold that the Controlled Substances Act stands as though H.B. 730 had never been enacted."

The indictment, in the case subjudice, correctly alleged an offense under the law prior to H.B. 730. *TEX.REV.CIV.STAT. ANN. art. 4476–15, sec. 2.04(d)(2)* (Vernon 1976). *Sec. 4.02, (b) Penalty Group 1(6)* includes methamphetamine within that Penalty Group 1. *Sec. 4.03* deals with the unlawful manufacture or delivery of a controlled substance and provides that the manufacturer of a controlled substance listed in Penalty Group 1 commits an offense, being a felony of the first degree. Felonies of the first degree could be punished by confinement for life or for a term of not more than 99 years nor less than 5 years as specified in *sec. 4.01(b)(1)*.

Since the indictment unquestionably stated an offense, and since the punishment was set at 8 years, being at the extreme low end of the punishment range for the offense that he had pleaded guilty to after numerous admonitions; we decide our case is controlled by *Fuentes v. State*, 688

S.W.2d 542 (Tex.Crim.App.1985). Our record clearly demonstrates that this Appellant knew that he would receive an 8 year sentence.

We hold this record, wherein the Appellant received an admonishment as to punishment, which may have been slightly erroneous, demonstrates a strong showing that the guilty plea was knowingly and voluntarily made. The Appellant had the burden to show that he entered his plea without understanding the consequences and that he was harmed by the erroneous admonitions. Appellant has not shown misunderstanding or harm resulting from the punishment admonition. He faced a first degree felony charge under either statute. Under this record, containing the careful and repeated admonitions and warnings by the conscientious trial judge, we decide that the Appellant knowingly, intelligently, and voluntarily pleaded guilty without any duress or coercion or threat. Defendant was not promised anything. We determine that he was not coerced into the plea bargaining process. We overrule the Appellant's two grounds of error. We affirm the judgment and sentence below.

AFFIRMED.