Darrell Emile JILES, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–87–00692–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

May 12, 1988.

Maurice Najer, Stanley C. Kirk, Houston, for appellant.

John B. Holmes, Dist. Atty. Harris County, for appellee.

Before EVANS, C.J., and COHEN and DUNN, JJ.

COHEN, Justice.

A jury found appellant guilty of theft and assessed his punishment at 18 years confinement.

The State argues that we have no jurisdiction because appellant failed to give a written notice of appeal, as required by Tex.R.App.P. 40(b)(1). The record reflects that neither appellant nor his attorney signed a written notice of appeal. However, it is undisputed that: (1) timely notice of appeal was orally given; (2) the notice of appeal was recorded in writing three times: first, in the judgment signed by the trial

judge; then, in a memorandum signed by the court clerk; and finally, in the docket sheet; (3) the trial court signed written orders appointing counsel for appeal and ordering a statement of facts prepared on the same day that notice of appeal was given; (4) appellant has properly filed the transcript, statement of facts, and appellate brief; (5) the State has not been misled or harmed by any omission; and (6) the administration of justice has not been disturbed by the failure of the defendant or his attorney to sign the notice of appeal.

In *Shute v. State,* 744 S.W.2d 96 (Tex. Crim.App.1988), the court held that the judgment recitals, docket sheet entries, and district clerk's forms did not constitute "independent written notice of appeal as required by Tex.R.App.Pro. 40(b)(1)." *Id.* at 97. Thus, the intermediate court of appeals did not err in dismissing for lack of jurisdiction. Here, as in *Shute,* no timely motion for extension of time to file notice of appeal was made, *see* Tex.R.App.P. 41(b)(2), nor has an out-of-time appeal been granted. The forms used in this case are the same as those used in *Shute,* 744 S.W. 2d at 103–108.

▪ The question for discretionary review in *Shute* was whether the court of appeals had erred in dismissing the appeal for lack of jurisdiction. There was no discussion in *Shute* concerning whether the court of appeals could have followed any other course of action. Our examination of the rules of appellate procedure leads us to conclude that a court of appeals has options other than dismissal for lack of jurisdiction, which it may deem appropriate in a particular case. These options are authorized under Rules of Appellate Procedure 83 and 2.

TexR.App.P. 83 provides:
A judgment shall not be affirmed or reversed or an appeal dismissed for defects or irregularities in appellate procedure, either of form or substance, without allowing a reasonable time to correct or amend such defects or irregularities.... except that in criminal cases late filing of the transcript or statement of facts may be permitted on a showing that otherwise the appellant may be deprived of effective assistance of counsel.

Tex.R.App.P. 2(b) provides:
Except as otherwise provided in these rules, ... a court of appeals ... may suspend requirements and provisions of any rule in a particular case on application of a party or on its own motion and may order proceedings in accordance with its direction....

Texas appellate courts exist in order to cure errors that have deprived parties of a fair trial. They do this by deciding appeals. State law is the sole source of this right to appellate review. Under the United States Constitution, a state is not required to provide appellate courts or a right to appellate review at all. *Griffin v. Illinois,* 351 U.S. 12, 18, 76 S.Ct. 585, 590, 100 L.Ed. 891 (1956). Texas has established a system of appellate review in order to assure fair trials, not because some higher law required it.

Rule 83 expresses an important State policy: that appellate courts must be open in order to correct trial court errors, despite defects and irregularities in appellate procedure that would othewise prevent appellate review. Indeed, appellate review has been upheld despite late filing of transcripts and statements of facts, without regard to the efficient administration of justice or harm to the State, in order to protect a defendant's right to effective assistance of counsel on appeal. *See* Rule 83; *Evitts v. Lucey,* 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985). Moreover, rule 2(b) gives a court of appeals broad discretion to act "on its own motion" to suspend the requirements of "any" rule in an appropriate case.

We recognize that rule 41(b)(2) provides a specific procedure for extending the time for filing notice of appeal in a criminal case. However, nothing in that rule provides that it is the exclusive procedure or that its time limits are not subject to the suspension provision of rule 2(b).

We also recognize that Tex.R.App.P. 2(a) provides that the rules of appellate procedure "shall not be construed to extend or

limit the jurisdiction of the courts of appeals...." Jurisdiction of the courts of appeals is established by Tex.Code Crim.P. Ann. art. 4.03 (Vernon Supp.1988), which grants them appellate jurisdiction within their districts in criminal cases. *See also* Tex. Const. art. V, § 6. This grant of subject matter and geographic jurisdiction is neither extended nor limited by applying rules 83 and 2(b) in an appropriate case.

In *Evitts v. Lucey,* a lawyer failed to file a "statement of appeal," as required by a Kentucky procedural rule. The Kentucky courts, like the Texas courts in *Shute,* summarily dismissed the appeal because of this failure. The Supreme Court held that the failure to comply with this requirement resulted in the loss of a sixth amendment right, and constituted ineffective assistance of counsel on appeal. Consequently, an out-of-time appeal was granted. 469 U.S. at 390–91, 105 S.Ct. at 832–33. We look to *Evitts v. Lucey* in deciding this case.

An important purpose of rules 40 and 41 is to provide a deadline at which litigation will end. This "finality" interest is unrelated to the geographic and subject matter limitations on this Court's jurisdiction within article 4.03. While the State of Texas has an important interest in ending litigation with finality, it has an even greater interest in preserving every person's constitutional right to effective assistance of counsel on appeal. An attorney's failure to sign an "independent" written notice of appeal for a defendant who has timely and repeatedly manifested a desire to appeal differs little from the omission that constituted ineffective assistance of counsel in *Evitts v. Lucey.*

When a procedural rule setting jurisdictional time limits conflicts with sixth amendment rights, the Court of Criminal Appeals has held that "the procedural rule must yield to the superior constitutional right." *Whitmore v. State,* 570 S.W.2d 889, 898 (Tex.Crim.App.1978). Thus, in *Whitmore,* the trial court had a duty to grant a motion for new trial that was filed after the trial court had lost jurisdiction because a vital sixth amendment right would otherwise have been lost. Rules 83

and 2(b) expressly allow the same result for the appellate courts that *Whitmore* requires of the trial courts.

■ These authorities establish that this Court is not required to close its eyes when a party before it is losing his right to appeal because of ineffective assistance of counsel. Rather, we find that the judicial discretion granted in rules 2 and 83 allows us to protect the vital public interest in appellate review of criminal cases and to avoid delaying appellant's exercise of that right until some future court grants the relief inevitably required under *Evitts v. Lucey.*

■ We hold that the requirements of rule 40(b)(1) concerning the filing of a written notice of appeal were satisfied in this case as of the date that appellant's notice of appeal was reduced to writing by the District Clerk. We now turn to the merits.

■ In four related points of error, appellant contends that the trial court committed reversible error in submitting the parole eligibility instructions set out in Tex. Code Crim.P.Ann. art. 37.07, § 4 (Vernon Supp.1988). Appellant failed to object, but asserts that this fundamental error caused him egregious harm.

In *Rose v. State,* 752 S.W.2d 529, 534 (Tex.Crim.App.1987), the court held that the parole instructions violated the Texas Constitution. The court also found that under *Almanza v. State,* 686 S.W.2d 157, 171 (Tex.Crim.App.1985) (op. on reh'g), a non-objecting appellant must demonstrate "egregious harm" to obtain a reversal. *Id.* Thus, we must review the record to determine whether appellant suffered egregious harm.

The evidence of appellant's guilt was overwhelming. The State alleged theft of a truck. An eyewitness placed appellant near the truck before it was stolen, and saw appellant drive away in the truck. A police officer testified that he stopped appellant the day after the theft, while appellant was driving the stolen truck within a mile of where the truck was stolen. He charged appellant with driving without a

license, and then learned that the truck was stolen. Appellant presented no evidence at the guilt stage of the trial.

At the punishment stage, the State established that appellant received probation in 1980 for burglary of a vehicle and had served four-year sentences in 1986 for automobile theft and possession of cocaine. Appellant pleaded true to one enhancement paragraph and presented no evidence at the punishment stage.

The State did not refer to the parole instruction in jury argument at the punishment stage. The only reference to the statute was made by appellant's attorney, who reminded the jury not to consider the parole instruction in assessing punishment. The court's charge instructed jurors not to consider how the parole law would be applied to appellant, or the extent to which good conduct time may be awarded, and that they were not to discuss how long appellant would be required to serve.

Based on this record, we find no evidence of egregious harm.

All points of error are overruled.

The judgment is affirmed.