Phillippe Riad BOULOS, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–88–00939–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

May 11, 1989.

Rehearing Denied Aug. 3, 1989.

Published in Part Pursuant to
Tex.R.App.P. 90.

Steve Hebert, Steve Hebert and Associates, Baytown, for appellant.

John B. Holmes, Jr., Dist. Atty., Winston E. Cochran and Vic Wisner, Asst. Dist. Attys., Houston, for appellee.

Before COHEN, SAM BASS and MIRABAL, JJ.

OPINION

COHEN, Justice.

Appellant was indicted for delivery of at least 400 grams of cocaine, and a jury found him guilty of delivery of between 200 and 400 grams of cocaine. The court assessed punishment at 25 years imprisonment.

The State argues that we lack jurisdiction because the notice of appeal was not timely filed. *Shute v. State*, 744 S.W.2d 96 (Tex.Crim.App.1988).

Appellant was sentenced on June 22, 1988, and on that day filed a motion for new trial. He filed an amended motion for new trial on September 29, 1988. On October 5, 1988, 105 days after he was sentenced, the trial court overruled his motion for new trial. However, under Tex.R. App.P. 31(e), appellant's motion for new trial was overruled by operation of law on September 5, 1988, 75 days after his sentence was imposed.

Rule 41(b)(1) provides that where a motion for new trial is timely filed, the notice of appeal must be filed within 90 days after the day sentence is imposed. Tex.R.App.P. 41(b)(1). The 90th day was September 20, 1988. An extension of time for filing notice of appeal may be granted by this Court if such notice is filed "within fifteen days after the last day allowed and within the same period a motion is filed ... reasonably explaining the need for such extension." Tex.R.App.P. 41(b)(2). Here, appellant's notice was filed October 5, which was 15 days after the last day allowed, but his

motion for extension was not filed in this court until October 10, 1988, 20 days after the last day allowed. Despite appellant's failure to timely file his motion to extend time, this Court granted his motion on October 20, 1988.

The State argues that based on rules 31(e) and 41(b), we lacked jurisdiction to grant appellant's motion to extend time to file his notice of appeal, and we lack jurisdiction to consider his points of error. We disagree.

In *Jiles v. State*, 751 S.W.2d 620 (Tex. App.—Houston [1st Dist.] 1988, pet. ref'd), we concluded that "a court of appeals has options other than dismissal for lack of jurisdiction, which it may deem appropriate in a particular case." *Id.* at 621. We find it appropriate to consider appellant's points of error in order to preserve appellant's constitutional right to effective assistance of counsel and to avoid post-conviction relief claims. *Id.* at 622; *Summerford v. State*, 627 S.W.2d 468, 470 (Tex.App.—Houston [1st Dist.] 1981, no pet.). Our exercise of jurisdiction is authorized under Tex.R.App.P. 83 and 2(b). *Jiles*, 751 S.W.2d at 621.

■■■ The indictment here, cause number 498516, alleged delivery of at least 400 grams of cocaine. In his first point of error, appellant argues that the trial court erred in denying his motion to quash[1] the indictment because he had been acquitted of that offense. He argues that his guilty plea to the lesser included offense in an earlier plea bargain barred the State from reindicting him on the greater charges. We agree.

Appellant was indicted in an earlier case, cause number 482952, for delivering at least 400 grams of cocaine. This charge was reduced to delivery of between 200 and 400 grams when he pled guilty. The guilty plea form states, "There is no agreed recommendation from the State. State's recommendation is 15 TDC and $2500 fine. Defendant requests court to conduct a presentence investigation prior to sentencing. State reserves right to argue punishment at sentencing hearing." The court assessed punishment of 10 years imprisonment and a $100 fine on the lesser offense. However, appellant was granted a new trial because of his lawyer's conflict of interest. The State then obtained the present indictment for delivery of at least 400 grams. The two indictments are identical.

Appellant argues that the court had no authority to conduct a second prosecution for delivery of at least 400 grams. He cites *Garza v. State*, 658 S.W.2d 152, 158 (Tex.Crim.App.1982). *Garza* was overruled in *Ex parte McAfee*, 761 S.W.2d 771, 774 (Tex.Crim.App.1988), which held that a defendant can be retried on an abandoned count after a mistrial caused by a hung jury.

For several reasons, we believe that neither *Garza* nor *McAfee* controls this case. First, both involved mistrials due to hung juries. Here, appellant pled and was found guilty of delivering between 200 and 400 grams of cocaine, was sentenced to 10 years, and was delivered to the state prison. Verdict was reached, judgment was rendered, and sentence was executed. Then, appellant's motion for new trial was granted, and the State reindicted him. Second, neither *Garza* nor *McAfee* involved the acquittal of a greater offense by conviction of a lesser included offense. Finally, both *Garza* and *McAfee* construed only the double jeopardy clauses of the Texas and United States Constitutions. Neither relied on any statute to authorize its holding. This case is different. It is controlled exclusively by Texas statutes.[2]

---

1. The record does not show that the motion was denied by written or oral order, by docket entry, or otherwise. It was filed June 21, 1988, the day after the jury was selected and sworn. The State does not complain of either waiver or untimely filing, presumably because a prior acquittal creates a jurisdictional jeopardy barrier to further prosecution for the same offense that cannot be waived by lack of objection or even by a guilty plea. *Ex parte McAfee*, 761 S.W.2d 771 (Tex.Crim.App.1988); *Ex parte Scelles*, 511 S.W.2d 300 (Tex.Crim.App.1974).

2. We need not decide whether the federal double jeopardy clause requires reversal.

We are nevertheless aware of *Price v. Georgia*, 398 U.S. 323, 90 S.Ct. 1757, 26 L.Ed.2d 300

Delivery of 200 but less than 400 grams of cocaine is a lesser included offense of delivery of 400 grams or more. *See* Tex. Rev.Civ.Stat.Ann. art. 4476–15, sec. 4.03(d) (Vernon Supp.1988); Tex.Code Crim.P.Ann. art. 37.09 (Vernon 1974); *see Lake v. State*, 701 S.W.2d 65 (Tex.App.—Beaumont 1985, no pet.). Therefore, this indictment should have been quashed because Tex.Code Crim. P.Ann. art. 37.14 (Vernon 1981) bars a second prosecution for the greater offense.

Article 37.14 provides:

If a defendant, prosecuted for an offense which includes within it lesser offenses, be convicted of an offense lower than that for which he is indicted, and a new trial be granted him ..., the verdict upon the first trial shall be considered an acquittal of the higher offense; but he may, upon a second trial, be convicted of the same offense of which he was before convicted, or any other inferior thereto.

Moreover, Tex.Code Crim.P.Ann. art. 1.11 (Vernon 1977) provides: "An acquittal of the defendant exempts him from a second trial or a second prosecution for the same offense, however irregular the proceedings may have been...." The statute protects a defendant not just from a second conviction, but from a second trial or prosecution. Here, the trial was conducted at all times before the charge to the jury as a prosecution for delivering at least 400 grams. The indictment alleged that. Appellant was arraigned on and pled not guilty to that. The voir dire and the opening statements assumed that. It was not until the court charged the jury on the lesser offense that this case suddenly ceased being a second prosecution for delivering more than 400 grams. Thus, appellant was subjected to both "a second trial [and] a second prosecution" for the same offense, although not a second conviction.

The "exemption" language of art. 1.11 indicates that the trial court lacked power to adjudicate. When a court lacks power to adjudicate, its judgment can be attacked even without a trial objection, even upon a collateral attack, and even after a guilty plea. *Ex parte McAfee*, 761 S.W.2d at 772.

(1970), which held the double jeopardy clause

Here, appellant filed a motion to quash, pled not guilty, and has brought a direct appeal.

In *Parker v. State*, 626 S.W.2d 738 (Tex. Crim.App.1982), a defendant indicted for aggravated robbery pled guilty to robbery after the State reduced the offense. After being found guilty, he was permitted to withdraw his plea, was granted a new trial, and a jury found him guilty of aggravated robbery. Applying article 37.14, the Court of Criminal Appeals unanimously held that the adjudication of guilt for the lesser included offense of robbery constituted an acquittal for the higher offense alleged, and thus, the aggravated robbery conviction was unauthorized. *Id.* at 740. The court declared it irrelevant that the reduction of the charges may have resulted from a plea bargain, stating:

[T]he State's fears of an adverse impact on the plea bargaining process by the doctrine of jeopardy fails to take consideration of the fact that the new trial permitted by the trial court here was purely discretionary. Appellant was allowed to withdraw his guilty plea after he had been convicted of robbery. Appellant in this case did not exercise some form of procedural trickery to escape his part of any hypothetical plea bargain while keeping the State bound. To describe what occurred here, as is done in the State's brief, as a situation where "the State is bound by its 'promise' when the defendant breaks his," is to misrepresent what happened. If there was a plea bargain, appellant did not break his part but was released from it by a discretionary ruling by the trial court. Any opposition to such a release should be addressed to the trial court at the time withdrawal of the guilty plea is sought. This Court's opinion on original submission did not create an escape clause for plea bargaining defendants that will leave the plea bargaining prosecutors bound to their half of the bargain. It simply enforced the jeopardy protection that arose out of the first conviction.

was violated under similar facts.

*Id.* at 741; *see also Franklin v. State*, 693 S.W.2d 420, 432 (Tex.Crim.App.1985).

We hold that appellant was exempt from a second trial or a second prosecution for delivery of at least 400 grams of cocaine because his conviction for the lesser included offense was an acquittal of that greater offense. Tex.Code.Crim.P.Ann. arts. 1.11, 37.14 (Vernon 1977).

Point of error one is sustained.

The judgment is reversed. The indictment and the prosecution for delivering at least 400 grams of cocaine are dismissed.

The remainder of the opinion is ordered not published.