Willie MILES, Appellant,

v.

The STATE of Texas, Appellee.

No. 07–89–0177–CR.

Court of Appeals of Texas,
Amarillo.

July 27, 1989.

As Corrected Aug. 11, 1989.

Kay Davis, Jeff Blackburn, Amarillo, for appellant.

Danny Hill, Potter County Dist. Atty., Amarillo, for appellee.

Before DODSON, BOYD and POFF, JJ.

## ON MOTION FOR REHEARING

DODSON, Justice.

We withdraw our initial opinion dated 6 June 1989 and substitute this opinion. In our initial opinion, we overruled the appellant's motion for extension of time to file a written notice of appeal and dismissed his appeal. By this opinion and determination, we grant the appellant's motion for extension of time to file his notice of appeal with directions.

The case is before us without a transcript or statement of facts. In his motion for extension of time to file a notice of appeal, the appellant states that he "pled guilty on April 5, 1989. Therefore, the notice of appeal was originally due to be filed on May 5, 1989." However, our review of the District Clerk's record in this case reveals that the judgment and sentence was signed by the trial judge on 7 April 1989 and that no motion for new trial was filed. Thus, the thirty-day period stated in Rule 41(b) of the Texas Rules of Appellate Procedure began to run on 7 April 1989.

In pertinent part, Rule 40(b)(1) of the Texas Rules of Appellate Procedure provides that "[n]otice of appeal shall be given in writing filed with the clerk of the trial court." Rule 41(b) provides:

(b) Appeals in Criminal Cases.

(1) Time to Perfect Appeal. *Appeal is perfected when notice of appeal is filed within thirty days after the day sentence is imposed or suspended in open court or the day an appealable order is signed by the trial judge;* except, if a motion for new trial is timely filed, notice of appeal shall be filed within ninety days after the day sentence is imposed or suspended in open court.

(2) Extension of Time. *An extension of time for filing notice of appeal may be granted by the court of appeals if such notice is filed within fifteen days after the last day allowed* and within the same period a motion is filed in the court of appeals reasonably explaining the need for such extension. [emphasis added]

Taken together, Rules 40(b)(1) and 41(b)(2) require that the notice of appeal be filed in the trial court, and the motion for extension of time be filed in the court of appeals. Both the notice and the motion must be filed within fifteen days after the last day allowed for filing the notice of appeal under Rule 41(b)(1).

The appellant filed his motion for extension of time in this Court on 17 May 1989, i.e., within the time prescribed by Rule 41(b)(1). However, he did not file his written notice of appeal in the trial court at the same time or at any time within the fifteen-day period prescribed by Rule 41(b)(1). Consequently, by our initial opinion we overruled the appellant's motion for extension of time to file his notice of appeal and dismissed the appeal.

In his motion for rehearing, appellant contends that he will be denied effective assistance of counsel on appeal because his counsel failed to file the notice of appeal in the trial court. In support of his position he relies on *Evitts v. Lucey,* 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985). *Evitts* teaches that the failure of counsel to comply with a state procedural rule may not operate to deny an appellant a meaningful appeal of his case on the merits.

Rule 83 of the Texas Rules of Appellate Procedure provides:

A judgment shall not be affirmed or reversed or an appeal dismissed for defects or irregularities, in appellate procedure, either of form or substance, without allowing a reasonable time to correct or amend such defects or irregularities provided the court may make no enlargement of the time for filing the transcript and statement of facts except pursuant to paragraph (c) of Rule 54 and

except that in criminal cases late filing of the transcript or statement of facts may be permitted on a showing that otherwise the appellant may be deprived of effective assistance of counsel. [emphasis added]

We acknowledge that the court in *Johnson v. State,* 747 S.W.2d 568 (Tex.App.— Houston [14th Dist.] 1988, no pet.), held that a timely-filed written notice of appeal is jurisdictional and that an appellate court cannot employ Rule 83 to expand the court's jurisdiction and thereby entertain the appeal. However, we respectfully decline to follow *Johnson* in this instance. In *Johnson* there was no claim of ineffective assistance of counsel as we now have in the case before us. Since we have a direct claim of ineffective assistance of counsel, we conclude that *Evitts* is controlling. Furthermore, we are persuaded that Rule 83 is the appropriate procedural vehicle to employ when dealing with procedural "miscues" and obvious claims of ineffective assistance of counsel of the *Evitts* variety.

In sum, we grant the appellant's motion for extension of time to file written notice of appeal in the trial court and direct that the notice be filed on or before 7 August 1989.

BOYD, Justice, concurring.

I join Justice Dodson in his conclusion that our initial opinion overruling appellant's motion for extension of time to file a written notice of appeal must be withdrawn. I also agree with his conclusion that we must grant appellant's motion for extension of time to file his notice of appeal with directions. Because of the importance of the question presented, however, I write to explain my reasoning in arriving at those conclusions.

The history of this case is set out in Justice Dodson's opinion. While no notice of appeal was filed in the trial court within the time limit of Tex.R.App.P. 41(b)(1),[1] a written motion for extension of time was filed in this Court within the time period prescribed by Rule 41(b)(2). Therefore,

---

1. All further references to rules are to the Texas Rules of Appellate Procedure.

this case does not present a situation were there was a complete failure to comply with the rules.

In reaching the conclusion that the failure to timely file the notice of appeal deprives this Court of jurisdiction to entertain this appeal, the dissent relies upon *Shute v. State,* 744 S.W.2d 96 (Tex.Crim.App.1988). With all due respect, I do not agree that *Shute* mandates that conclusion. In *Shute,* there was a complete failure to comply with any requirement of Rule 41. Indeed, the court specifically commented that "[n]o timely motion for extension of time to file the notice of appeal was filed." 744 S.W.2d at 97. In my view, the difference between *Shute* and the instant case is significant. In this case, the partial failure to comply with the rule is a procedural rather than a jurisdictional matter. It is for that reason that the application of Rule 83 in this case is especially appropriate. This is not a case where no effort has been made to comply with the prescribed rules governing appeals. Rather, it is one where effort has been made to follow the prescribed procedure, although a mistake was made in interpretation and application of that procedure. The effect of the application of Rule 83 in this case is not to grant an out-of-time appeal, but is simply to permit the orderly and proper completion of an appeal duly invoked.

Moreover, Rule 2(b), with the admonition that it may not be used to suspend the requirements or provisions of the Code of Criminal Procedure, authorizes this Court "in the interest of expediting a decision or for other good cause shown" to suspend the requirements and provisions of any rule. Whatever else might be said about *Evitts v. Lucey,* 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985), the Supreme Court has clearly stated that it will not permit the failure to follow procedural technicalities to prevent the appellate review of a criminal case. In my view, the failure to grant appellant's motion would only operate to delay appellant's inevitable right to have his conviction reviewed by an appellate court. Indeed, the groundwork for that result has already been laid by appellant's contention that a refusal to grant his motion would render the assistance of his counsel on appeal ineffective. That ineffective assistance was the *sine qua non* of *Evitts,* and necessitates the grant of appellate review to a criminal defendant. In this context, the exercise of our authority under Rule 2 is certainly justified.

Our action in granting this motion is not without precedent. In *Boulos v. State,* 775 S.W.2d 8 (Tex.App.—Houston [1st Dist.], n.p.h.), the appellant also failed to meet the dual requirements of Rule 41(b)(2). The notice of appeal was filed within the requisite fifteen-day period, but the motion for extension of time was not. The State contended that the partial failure deprived the court of appeals of jurisdiction to consider the appeal. The court overruled that contention and invoked Rules 2 and 83 to grant the extension of time. En route to its decision, the court commented that it was exercising its authority "to preserve appellant's constitutional right to effective assistance of counsel and to avoid post-conviction relief claims." *Boulos,* 775 S.W.2d at 9. The question presented in *Boulos* is similar to that presented here, and the court's reasoning is analogous and applicable.

In *Massey v. State,* 759 S.W.2d 18 (Tex. App.—Texarkana 1988, no pet.), the appellant completely failed to file any written notice of appeal as required by Rule 41(b)(1), although he had given oral notice of appeal.[2] The court noted that the appellant had filed a written request for a copy of the record and for appointment of an attorney to represent him. Without specific explication of the authority upon which it relied, the court held the language in the request was adequate to demonstrate the desire of the appellant to appeal and was, therefore, sufficient to serve as the independent written notice of appeal required by Rule 40(b)(1) and was sufficient.

---

**2.** Parenthetically, we note that the failure to file a written notice of appeal would likewise be a

failure to comply with Rule 41(b)(2).

In *Jiles v. State*, 751 S.W.2d 620 (Tex. App.—Houston [1st Dist.] 1988, pet. ref'd), the court was presented with a question similar to the one involved here. In that case, the appellant not only failed to give a written notice of appeal, but also failed to file a timely motion for extension of time. Applying Rules 2(b) and 83, the court found other actions of the appellant sufficient to overcome those procedural lapses and permitted appellate review.

En route to its decision, the court commented that *Shute v. State*, 744 S.W.2d 96, was solely concerned with the question of whether the court of appeals had erred in dismissing that particular appeal for lack of jurisdiction. *Shute* contained no discussion of whether the court of appeals could have followed any other course of action. In a well-reasoned opinion, the court reviewed the theory of criminal appellate review in Texas and the relationship of our rules of appellate procedure to appellate review. It also considered the impact of *Evitts v. Lucey* on criminal appellate review. The *Jiles* Court concluded:

> These authorities establish that this Court is not required to close its eyes when a party before it is losing his right to appeal because of ineffective assistance of counsel. Rather, we find that the judicial discretion granted in rules 2 and 83 allows us to protect the vital public interest in appellate review of criminal cases and to avoid delaying appellant's exercise of that right until some future court grants the relief inevitably required under *Evitts v. Lucey*.

751 S.W.2d at 622. Significantly, by its refusal to grant discretionary review in *Jiles*, the Court of Criminal Appeals failed to find such reasoning reversible.

The logic of *Jiles* is compelling, and its reasoning is applicable in this case. To hold that counsel's understandable misinterpretation of Rule 41(b)(2) deprived appellant of review of his conviction would directly support a claim of ineffective assistance of counsel with its inevitable consequences. Our application of Rules 2 and 83 permits both correction of the error and an orderly and timely review of appellant's conviction, and is correct both statutorily and constitutionally. To do so fulfills our duty to effectuate both judicial economy and the expeditious and efficient disposition of criminal appeals so essential to the proper functioning of our criminal justice system.

For these reasons, I join Justice Dodson in granting the motion for rehearing and the motion for extension of time to file written notice of appeal in the trial court, with the requirement that such notice be filed on or before August 7, 1989.

POFF, Justice, dissenting.

I respectfully dissent. The case of *Evitts v. Lucey*, 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985) deals with procedural errors by appellate counsel, and does not extend to matters of jurisdiction.[1] As I stated in the initial unpublished opinion, which has been withdrawn, appellant's failure to file a notice of appeal within the same period as the motion for extension of time deprived this Court of jurisdiction to consider the appeal under Tex.R.App.P. 41(b)(2).

The Court of Criminal Appeals has held that in the absence of a timely, written notice of appeal, a court of appeals is without jurisdiction to entertain the appeal. *Shute v. State*, 744 S.W.2d 96, 97 (Tex. Crim.App.1988).[2] Although two other

---

**1.** The Kentucky rule of appellate procedure in *Evitts* was designed to assist the appellate court in processing records, and was *not* jurisdictional in nature. *Evitts v. Lucey*, 469 U.S. at 389, 105 S.Ct. at 832, 83 L.Ed.2d at 825; *England v. Spalding*, 460 S.W.2d 4, 6 (Ky.1970).

**2.** *See also Gomez v. State*, 763 S.W.2d 583 (Tex. App.—Corpus Christi 1988, no pet.); *Robertson v. State*, 760 S.W.2d 836 (Tex.App.—Austin 1988, no pet.); *Moody v. State*, 749 S.W.2d 932 (Tex. App.—Corpus Christi 1988, no pet.); *Johnson v.*

*State*, 747 S.W.2d 568 (Tex.App.—Houston [14th Dist.] 1988, no pet.); *Scott v. State*, 747 S.W.2d 435 (Tex.App.—Houston [14th Dist.] 1988, pet ref'd); *Hammond v. State*, 746 S.W.2d 278 (Tex. App.—Houston [14th Dist.] 1988, pet. ref'd); *Corbett v. State*, 745 S.W.2d 933 (Tex.App.— Houston [14th Dist.] 1988, pet ref'd). The appeal was dismissed in each of these cases for want of jurisdiction because the appellant did not file a timely notice of appeal.

courts of appeals have assumed jurisdiction in the absence of a timely-filed notice of appeal,[3] I believe that if *Shute* is to be overruled, or *Evitts* extended to matters of jurisdiction, that step should be taken by the Court of Criminal Appeals.

In the motion for rehearing, appellant's counsel admits that she knew the requisites of the appellate rules, but held a mistaken belief concerning the sufficiency of filing only a motion for extension of time. Under similar circumstances in *Shute*, the Court of Criminal Appeals held that the failure to file a timely, written notice of appeal was jurisdictional. The presence or absence of a claim of ineffective assistance of counsel does not affect the vitality of that holding. A criminal defendant should not be allowed to vitiate the Texas Rules of Appellate Procedure by merely raising the specter of ineffective assistance of counsel, nor should Tex.R.App.P. 2 and 83 be applied to obliterate the specific requirements of the rules. *See Guerra v. State*, 766 S.W.2d 830, 831 (Tex.App.—Corpus Christi 1988, no pet.). Unlike the majority, I would not invoke Rules 2 and 83 even though appellant's counsel has raised a claim of ineffective assistance of counsel. Although *Evitts* teaches that the failure to follow procedural technicalities will not preclude appellate review of a criminal case, *Evitts* does not require an appellate court to assume jurisdiction where none exists. Our jurisdiction may not be extended to entertain this appeal under either Rule 2 or 83, even in the interests of judicial economy.

Both Rules 2 and 83 permit this Court to exercise some discretion in suspending the Texas Rules of Appellate Procedure. Rule 83 may be employed to correct a defective notice of appeal, but cannot be used to excuse the failure to file any notice of appeal. *Jones v. State*, 762 S.W.2d 330, 331 (Tex.App.—Austin 1988, pet. granted).

Moreover, Rule 2(a) expressly provides that the rules themselves may not be construed to extend the jurisdiction of the courts of appeals. While most rights and procedural matters may be waived, jurisdictional matters may not be. *Ex parte Smith*, 650 S.W.2d 68, 69 (Tex.Crim.App.1981). In the absence of jurisdiction, any judgment entered by this Court would be void. *Johnson v. State*, 747 S.W.2d 568, 569 (Tex.App.—Houston [14th Dist.] 1988, no pet.).

Since appellant did not file a timely, written notice of appeal as required by Tex.R.App.P. 40(b)(1) and 41(b)(2), this Court is without jurisdiction to take any action other than to dismiss the appeal. Tex.R.App.P. 2 and 83 cannot be invoked to assume jurisdiction where none exists. I would overrule appellant's motion for rehearing and dismiss the appeal for want of jurisdiction.

---

**3.** *Mullins v. State*, 767 S.W.2d 166 (Tex.App.—Houston [1st Dist.] 1988, no pet.); *Massey v. State*, 759 S.W.2d 18 (Tex.App.—Texarkana 1988, no pet.); *Jiles v. State*, 751 S.W.2d 620 (Tex.App.—Houston [1st Dist.] 1988, pet. ref'd). The concurring opinion in this case also cites *Boulos v. State*, 775 S.W.2d 8 (Tex.App.—Houston [1st Dist.], 1989, n.p.h.). *Boulos* is distinguishable because it involved the failure to file a timely motion for extension of time. The notice of appeal itself, necessary to invoke appellate jurisdiction under *Shute*, was filed within the time limits of Tex.R.App.P. 41(b)(2). The case of *Jones v. State*, 752 S.W.2d 150 (Tex.App.—Dallas 1988, pet. ref'd) is also distinguishable because a timely, written notice of appeal was filed. The notice was, however, not signed. *Id.* at 152.