**Jino DIAZ**

v.

**The STATE of Texas.**

**No. 01–93–00113–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

May 19, 1994.

Published in Part Pursuant
to Tex.R.App.P. 90.

Kristine C. Woldy, Houston, for appellant.

John B. Holmes, Jr., Alan Curry, Lynne Parsons, Harris County, for appellee.

Before OLIVER–PARROTT, C.J., and DUGGAN, COHEN, MIRABAL, HUTSON–DUNN, O'CONNOR, WILSON, HEDGES and ANDELL, JJ.

**OPINION**

MIRABAL, Justice.

Appellant, Jino Diaz, was charged with the felony offense of possession of a controlled substance with intent to deliver. After his motion to suppress evidence was denied, he entered into an agreed plea bargain with the State. In accordance with the terms of the agreement, appellant pled guilty and was sentenced to 22–years confinement.

Before an opinion issued in this case, a majority of the justices of this Court voted to consider the case en banc. TEX.R.APP.P. 79(d), (e). We affirm.

In two points of error, appellant asserts the trial court erred in overruling his motion to suppress evidence. The State responds that appellant's notice of appeal is insufficient to confer jurisdiction on this Court because it does not comply with rule 40(b)(1) of the Texas Rules of Appellate Procedure, which provides in part:

[I]f the judgment was rendered upon [defendant's] plea of guilty ... and the punishment assessed does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney, in order to prosecute an appeal for a nonjurisdictional defect or error that occurred prior to entry of the plea *the notice shall state that the trial court granted permission to appeal or shall specify that those matters were raised by written motion and ruled on before trial.*

Tex.R.App.P. 40(b)(1) (emphasis added).

Judgment in this case was rendered upon appellant's plea of guilty, and the punishment assessed did not exceed the punishment agreed to by appellant and the prosecutor. The alleged error in overruling appellant's motion to suppress evidence is nonjurisdictional. Nevertheless, appellant's notice of appeal does not state that the trial court granted permission to appeal, nor does it specify that the matters being appealed were raised by written motion and ruled on before trial. Rather, it simply states that appellant filed "this written notice of appeal of said conviction to the Court of Appeals pursuant to Texas Rule of Appellate Procedure 40(b)(1)."

The State argues, and the dissenting justices would hold, that appellant's notice of appeal is fatally defective, and therefore we have no jurisdiction to consider the points of error raised by appellant. They rely on *Davis v. State,* 870 S.W.2d 43 (Tex.Crim.App. 1994); *Jones v. State,* 796 S.W.2d 183 (Tex. Crim.App.1990); and *Moreno v. State,* 866 S.W.2d 660 (Tex.App.—Houston [1st Dist.] 1993, no pet.).

This case is distinguishable from *Davis, Jones* and *Moreno,* because the plea bargain agreement in the present case shows the trial court allowed appellant to appeal the ruling on the motion to suppress, and therefore Tex.R.App.P. 40(b)(1) has been substantially complied with. Thus, this case is controlled by *Riley v. State,* 825 S.W.2d 699 (Tex.Crim. App.1992), and *Brown v. State,* 830 S.W.2d 171 (Tex.App.—Dallas 1992, pet. ref'd).

The portion of the plea bargain agreement that is signed by appellant specifically states: "Defendant preserves the right to appeal

pretrial motion to suppress pursuant to Rule 40(b)(1)." The portion of the plea bargain agreement that is signed by the judge states, in part:

This document was executed by the defendant, his attorney and the attorney representing the State, and then filed with the papers of the case. The defendant then came before me *and I approved the above and the defendant entered a plea of guilty.*

(Emphasis added). The trial court approved appellant's preservation of his right to appeal the ruling on his pretrial motion to suppress, thus "granting permission to appeal."

Because the information required by rule 40(b)(1) ("that the trial court granted permission to appeal"), is contained in a document signed by the trial judge that is included in the appellate record, appellant has substantially complied with rule 40(b)(1). *Riley,* 825 S.W.2d at 701; *Brown,* 830 S.W.2d at 173. Therefore, we will address appellant's points of error.

The discussion of the points of error does not meet the criteria for publication, Tex. R.App.P. 90, and is thus ordered not published. We affirm the judgment.

HEDGES, J., dissenting.

HUTSON–DUNN, J., joins the dissent.

HEDGES, Justice, dissenting.

I dissent. Courts have held appellants to strict compliance with Tex.R.App.P. 40(b)(1):

[which] is a restrictive rule. It regulates the extent of the grounds upon which a defendant can appeal. The method of regulation is the nature of the notice filed by a defendant. If he wished to appeal a matter which is nonjurisdictional in nature or occurred prior to the entry of his plea, then he must conform to the requirements of the statute and include within his notice what the grounds of appeal are and the fact that he has received the permission of the trial court to appeal those matters.

*Jones v. State,* 796 S.W.2d 183, 186 (Tex. Crim.App.1990).

This Court has followed *Jones* in holding the language of rule 40(b)(1) to be "unequivocally mandatory." *Moreno v. State,* 866 S.W.2d 660, 661 (Tex.App.—Houston [1st Dist.] 1993, no pet.). In a very recent case, the Court of Criminal Appeals held that a " 'general' notice of appeal is insufficient to confer jurisdiction on a Court of Appeals to review a trial court's ruling on a pretrial suppression motion in an appeal from a conviction based on a negotiated plea bargain." *Davis v. State,* 870 S.W.2d 43, 46 (Tex.Crim. App.1994).

The notice of appeal in this case states that appellant filed "this written notice of appeal of said conviction to the Court of Appeals pursuant to Texas Rule of Appellate Procedure 40(b)(1)." It does not state, however, that the trial court granted permission to appeal, or specify that the matters were raised by written motion and ruled on before trial. Nor does the record show that the trial court entered an order granting appellant permission to appeal.[1] Therefore, appellant has failed to comply with the requirements of rule 40(b)(1).

I would dismiss this appeal for lack of jurisdiction.

---

1. In *Riley v. State,* 825 S.W.2d 699, 701 (Tex. Crim.App.1992), the trial court *entered an order that granted* the defendant permission to appeal the denial of a motion to suppress evidence. The Court of Criminal Appeals found that the notice of appeal and the trial court's order together substantially complied with the requirements of rule 40(b)(1). There is no such order in the record of the present case. A plea bargain agreement, as asserted by the majority, is not an "order" of the court as required by *Riley* and TEX.R.APP.P. 40(b)(1).