Richard H. Branson, Michael J. Guarino, Galveston, for appellee.

Before TAFT, ANDELL and PRICE,[1] JJ.

**James Edward BRUNSWICK, Appellant,**

v.

**The STATE of Texas, Appellee.**

Nos. 01–94–00861–CR, 01–94–00862–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Aug. 8, 1996.

Rehearing Overruled Oct. 21, 1996.

## OPINION

TAFT, Justice.

Appellant, James Edward Brunswick, was convicted both in justice court and, in a trial *de novo,* in county court of speeding and making an unsafe lane change. He was assessed fines of $119 and $113, respectively (in both courts). In these appeals, appellant challenges the constitutionality of both the 55–miles–per–hour speed limit and the requirement of a signature on a traffic citation in lieu of being taken immediately before a magistrate. Appellant has proceeded *pro se* both at trial and on appeal. The State raises a threshold issue challenging our jurisdiction based on appellant having given only oral, rather than written, notices of appeal. We dismiss for lack of jurisdiction.

### Facts

On July 25, 1993, Galveston County Deputy Constable Daniel Cooper observed appel-

1. The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

lant driving a truck southbound on IH–45. The truck came by Cooper at a high rate of speed, weaving in and out of traffic. Cooper began following appellant and observed him speed up behind cars in order to force them out of his way as if he were in a hurry. Cooper paced appellant's car at a speed of 72 miles per hour. The posted speed limit on IH–45 was 55 miles per hour. Cooper also observed appellant making unsafe lane changes by rapidly changing lanes back and forth when there were not sufficient gaps between vehicles to allow safe lane changes. When Cooper stopped appellant and asked if there was some emergency, appellant said he was trying to get his kids home and he was late. Cooper issued appellant citations for speeding and making an unsafe lane change.

### Threshold Jurisdictional Issue

In a motion to dismiss for want of jurisdiction that we ordered taken with the appeals, the State contends appellant's failure to file written notices of appeal empowers us to dismiss due to procedural defects. TEX. R.APP. P. 40(b)(1) provides, "Notice of appeal shall be given in writing filed with the clerk of the trial court."

The statement of facts shows that appellant gave oral notices of appeal in open court. The transcripts each include four documents also reflecting appellant's oral notices of appeal: (1) the judgment; (2) a memorialization that appellant gave oral notice of appeal signed by the trial court; (3) a memorialization that appellant gave oral notice of appeal signed by the deputy clerk; and (4) the docket sheet.

The State relies upon *Shute v. State*, 744 S.W.2d 96 (Tex.Crim.App.1988) (upholding dismissal of appeal by Fourteenth Court of Appeals under similar circumstances). However, the State acknowledges this Court's precedent for allowing an appeal to proceed under these circumstances (where oral notice of appeal was memorialized by the clerk). *See Mullins v. State*, 767 S.W.2d 166 (Tex. App.—Houston [1st Dist.] 1988, pet. ref'd); *Jiles v. State*, 751 S.W.2d 620 (Tex.App.— Houston [1st Dist.] 1988, pet. ref'd). The State points out that a rationale for this Court's decisions was the denial of effective assistance of counsel. The State argues that ineffective assistance of counsel does not apply here because appellant has represented himself throughout all proceedings.

In *Jiles*, this Court distinguished *Shute* on the basis that *Shute* upheld the dismissal of an appeal by the Fourteenth Court of Appeals, but did not address the issue of whether a court of appeals could find it had jurisdiction under similar circumstances. *See Jiles*, 751 S.W.2d at 621. This approach was followed in *Mullins*, also relying on *Jones v. State*, 752 S.W.2d 150 (Tex.App.—Dallas 1988, pet. ref'd). The rationale of *Jiles* was not simply to avoid the effects of ineffective assistance of counsel, however. Rather, it was to enforce an important state policy, expressed in TEX.R.APP. P. 83, that appellate courts must be open in order to correct trial court errors. *Jiles*, 751 S.W.2d at 621. This Court found judicial discretion within Texas Rules of Appellate Procedure 2 and 83 which allowed us to protect the vital public interest in appellate review of criminal cases and to avoid delaying appellate relief. *Id.* at 622.

The Fourteenth Court of Appeals has continued on a separate way in *Jackson v. State*, 775 S.W.2d 422, 423–24 (Tex.App.—Houston [14th Dist.] 1989, no pet.) (noting split among various courts of appeals on this issue). The approach taken in *Jiles* was also rejected when the Court of Criminal Appeals addressed a similar issue in *Jones v. State*, 796 S.W.2d 183, 185–87 (Tex.Crim.App.1990) (strictly enforcing the requirement of rule 40(b)(1) that notice of appeal state that permission of the trial court was obtained or specifying that the matters were raised by written motion). This led a majority of this Court, sitting *en banc*, to follow *Jones* and strictly enforce the letter of rule 40(b)(1) in *Moreno v. State*, 866 S.W.2d 660 (Tex.App.— Houston [1st Dist.] 1993, no pet.) (holding a general notice of appeal insufficient to allow review of pretrial motions after plea pursuant to agreed plea bargain), albeit reluctantly and with much urging that the Court of Criminal Appeals change the rule. *Id.* at 662–63.

The Court of Criminal Appeals established an exception to the strict approach taken in *Jones* regarding the requirements of rule

40(b)(1) in *Riley v. State*, 825 S.W.2d 699 (Tex.Crim.App.1992). The court held that when all the information required by rule 40(b)(1) is contained in an order by the trial court within the appellate record along with a timely filed notice of appeal, the court of appeals has jurisdiction to address matters recited in the order. *Id.* at 701. This Court followed *Riley* in *Diaz v. State*, 877 S.W.2d 452 (Tex.App.—Houston [1st Dist.] 1994, pet. ref'd) (where the plea bargain agreement signed by the trial court "approving the above" contained a statement that the defendant preserved his right to appeal the denial of his pretrial motion to suppress).

The present case is different from *Shute* because here the trial court signed a document memorializing appellant's oral notices of appeal, in addition to the clerk's certification which is all there was in *Shute*. Nevertheless, an oral notice of appeal, no matter how many times it is memorialized in documents signed by clerks or trial courts, is still an *oral* notice of appeal. TEX.R.APP. P. 40(b)(1) requires written notice of appeal in order for this Court to have jurisdiction to entertain appellant's appeals. *Shute*, 744 S.W.2d at 97.

To the extent the dissenting opinion relies upon *Riley* and *Diaz*, it overlooks the distinction between a written document signed by the trial court memorializing the wrong kind of notice of appeal (oral rather than written, as in this case) and a written document signed by the trial court memorializing the right kind of limitation of scope of review (proper scope of review limitation reflected on separate document signed by court rather than on notice of appeal, as in *Riley* and *Diaz* ).

### Conclusion

Because appellant did not give written notices of appeal, as required by TEX.R.APP. P. 40(b)(1), we grant the State's motion and dismiss for want of jurisdiction.

ANDELL, J., dissents.

ANDELL, Justice, dissenting.

Because I believe the trial court's memorializations of oral notices of appeal constitute substantial compliance with TEX.R.APP. P. 40(b)(1), I would deny the State's motion to dismiss for want of jurisdiction and address appellant's points of error. The majority opinion deviates from this Court's previous holdings in *Jiles v. State*, 751 S.W.2d 620 (Tex.App.—Houston [1st Dist.] 1988, pet. ref'd), and *Mullins v. State*, 767 S.W.2d 166 (Tex.App.—Houston [1st Dist.] 1988, pet. ref'd). It also declines to follow the principle of substantial compliance with rule 40(b)(1) established in *Riley v. State*, 825 S.W.2d 699 (Tex.Crim.App.1992), which this Court followed in *Diaz v. State*, 877 S.W.2d 452 (Tex. App.—Houston [1st Dist.] 1994, pet. ref'd).

Accordingly, I respectfully dissent to dismissing appellant's appeals for want of jurisdiction.