NO. 07-06-0253-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



AUGUST 25, 2006


 ______________________________



RICARTE G. GONZALEZ, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2001-436822; HONORABLE BRADLEY S. UNDERWOOD, JUDGE


_______________________________




Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

ON MOTION FOR REHEARING


 By a memorandum opinion, dated July 27, 2006, we dismissed appellant's appeal
for lack of jurisdiction explaining that the notice of appeal was not timely filed and,
therefore, the jurisdiction of the court had not been properly invoked. 

 Appellant has filed a motion for rehearing asking that the court use its discretionary
power to grant an extension of time for an untimely filed notice of appeal. Appellant
alleges that the failure to do so would ultimately result in a finding of ineffective assistance
of counsel on appeal. Miles v. State, 781 S.W.2d 608, 609 (Tex.App.-Amarillo 1989, pet.
ref'd). Appellant then contends that we have authority to exercise discretion and allow the
appeal to preserve appellant's constitutional right to effective assistance of counsel. Tex.
R. App. P. 2; Boulos v. State, 775 S.W.2d 8 (Tex.App.-Houston [1st Dist.] 1989, pet. ref'd). 

 The issue was addressed by the Texas Court of Criminal Appeals in Olivo v. State,
wherein the Court held that Rule 2 of the Texas Rules of Appellate Procedure could not
be used to extend or limit the jurisdiction of the courts of appeals. Olivo v. State, 918
S.W.2d 519, 522 (Tex.Crim.App. 1996). Accordingly, we remain convinced that we are
without jurisdiction to consider appellant's appeal. (1)

 Appellant's motion for rehearing is denied. 


 Mackey K. Hancock

 Justice







Do not publish. 
1. Appellant may be entitled to an out-of-time appeal by filing a post-conviction writ
of habeas corpus returnable to the Texas Court of Criminal Appeals. See Tex. Code Crim.
Proc. Ann. art. 11.07 (Vernon 2005); see also Ater v. Eighth Court of Appeals, 802 S.W.
2d 241 (Tex.Crim.App. 1991).