

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-18-00115-CR

IN RE KINNEY LAWRENCE BAILEY

Original Mandamus Proceeding

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Chief Justice Morriss

# MEMORANDUM OPINION

Kinney Lawrence Bailey, proceeding pro se, has filed a petition for writ of mandamus, asking this Court to direct the Honorable Brad Morin, Judge of the 71st Judicial District Court, to file a "certificate of appeal" under Article 44.02 of the Texas Code of Criminal Procedure[1] and to file a notice of appeal for Bailey.

In his petition for writ of mandamus, Bailey complains that he was deprived of his right to appeal because his trial counsel failed to file a notice of appeal and because the trial court failed to advise him of his right to appeal.

Mandamus relief will be granted only when the record establishes (1) a clear abuse of discretion or the violation of a duty imposed by law and (2) the absence of a clear and adequate remedy at law. *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding); *see In re Columbia Med. Ctr. of Las Colinas*, 290 S.W.3d 204, 207 (Tex. 2009) (orig. proceeding). To be entitled to mandamus relief, a relator must show both the lack of an adequate remedy at law to redress the alleged harm and that he or she seeks to compel a ministerial act not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). An act is ministerial if it constitutes a duty clearly fixed and required by law. *State ex rel. Curry v. Gray*, 726 S.W.2d 125, 128 (Tex. Crim. App. 1987) (orig. proceeding). Further, the relator must provide this Court with a record sufficient to establish the right to mandamus relief. *Walker*, 827 S.W.2d at 837; *In re*

---

[1] *See* TEX. CODE CRIM. PROC. ANN. art. 44.02 (West 2018).

2

*Pilgrim's Pride Corp.*, 187 S.W.3d 197, 198–99 (Tex. App.—Texarkana 2006, orig. proceeding); *see* TEX. R. APP. P. 52.3.

"A defendant in a criminal case has the right to appeal under Code of Criminal Procedure article 44.02 and these rules." TEX. R. APP. P. 25.2(a)(2). Under the appellate rules, an appeal by the defendant is perfected by the timely filing of a written notice of appeal sufficient to show the appealing party's desire to appeal the trial court's judgment. TEX. R. APP. P. 25.2(b), (c)(2). This written notice of appeal is required to be filed by the defendant or his counsel, not the trial court. *See Brunswick v. State*, 931 S.W.2d 9, 11 (Tex. App.—Houston [1st Dist.] 1996, no pet.). Bailey requests this Court to order the district court to file a notice of appeal on his behalf. However, since there is no duty imposed by law that requires a district court to file a notice of appeal on behalf of a defendant, the requested mandamus relief is not available regarding filing a notice of appeal.

Bailey also requests that this Court order the trial court to file a certificate of appeal. Rule 25.2 provides that "[t]he trial court shall enter a certification of the defendant's right of appeal each time it enters a judgment of guilt or other appealable order." TEX. R. APP. P. 25.2(a)(2). In his petition, however, Bailey has not alleged that the district court failed to enter the certification required by Rule 25.2 or that he filed a motion with the district court requesting that it enter the certification. To be entitled to mandamus relief, the relator must file a motion with the trial court and show that the trial court received, was aware of, and was asked to rule on the motion. *In re Grulkey*, No. 14-10-00450-CV, 2010 WL 2171408, at *1 (Tex. App.—Houston [14th Dist.] May 28, 2010, orig. proceeding) (per curiam) (mem. op.) (citing *In re Villarreal*, 96 S.W.3d 708,

710 (Tex. App.—Amarillo 2003, orig. proceeding)); *see also In re Blakeney*, 254 S.W.3d 659, 662

(Tex. App.—Texarkana 2008, orig. proceeding) ("Showing that a motion was filed with the court

clerk does not constitute proof that the motion was brought to the trial court's attention or presented

to the trial court with a request for a ruling."). Even assuming the district court has jurisdiction to

consider his motion, Bailey has failed to demonstrate that he is entitled to mandamus relief.

For the reasons stated, we deny his petition for writ of mandamus.


Josh R. Morriss, III
Chief Justice


Date Submitted:     July 11, 2018
Date Decided:       July 12, 2018

Do Not Publish

4