**Harold Lee MULLINS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01-87-00528-CR.**

Court of Appeals of Texas,
Houston (1st Dist.)

Nov. 17, 1988.

Randy Schaffer, Houston, for appellant.

John B. Holmes, Dist. Atty., Winston E. Cochran, Jr., Asst. Dist. Atty., Houston, for appellee.

Before EVANS, C.J., and COHEN and LEVY, JJ.

OPINION

EVANS, Chief Justice.

A jury found appellant guilty of aggravated assault and, after finding two enhancement paragraphs to be true, assessed his punishment at 25 years confinement. Because of errors in the trial proceedings, we reverse the judgment and remand the cause for a new trial.

Appellant was the maintenance man at an apartment complex in Pasadena, Texas, where he lived with the apartment manager and her daughter. About 8 p.m., in May 1986, appellant, the apartment manager, and her daughter were at the apartment swimming pool, along with several other residents. Two brothers, David and Samuel Johnson, had returned home to their apartment, intoxicated and belligerent, and they stood on the upper level of their balcony drinking beer and cursing. Because of their conduct, the apartment manager took her daughter and returned to their apartment.

At first, appellant said nothing to the men and simply stared at them. At some point, appellant, who had been dressed in jeans and a shirt, went to his apartment and returned wearing a swim suit and carrying a towel. When appellant returned, he and the complainant, David Johnson, engaged in a staring match with each other that lasted about 15 minutes. Finally, David Johnson asked what appellant was staring at and what he wanted. Appellant responded by making a hand gesture, and told the complainant, "Come on down." The complainant then started down the stairs, and appellant told him that if he came any further he would "blow his ass away." Undeterred, the complainant continued down the stairs. Appellant then removed a pistol from a towel and took several steps forward. Samuel Johnson, who was still on the balcony, saw the pistol and yelled at David, telling him to duck because appellant had a gun. When the complainant saw appellant pointing a gun in his direction, he jumped back and "started scrambling." Appellant then fired a single shot in David's direction. Later, one of the investigating police officers found a .38 slug near the stairwell, and observed a bullet hole in a partition surrounding the window about six feet up the stairwell. After interviewing the parties, all of whom appeared to be intoxicated and confused, the officers arrested appellant for aggravated assault.

We first consider the State's threshold argument that the appeal should be dismissed for want of jurisdiction. The record reflects that trial counsel gave timely oral notice of appeal in open court, and that notice of appeal was recorded in writing and the judgment signed by the trial court, and by memorandum signed by the

court clerk and in the docket sheet. The trial court signed written orders appointing counsel on appeal and ordering a statement of facts prepared. But neither trial counsel nor the counsel initially appointed on appeal filed a written notice of appeal.

■ In *Shute v. State*, 744 S.W.2d 96 (Tex.Crim.App.1988), the Texas Court of Criminal Appeals held that judgment recitals, docket sheet entries, and district clerk forms do not constitute "independent written notice of appeal" as required by Tex.R. App.P. 40(b)(1). Thus, this Court is empowered to dismiss the appeal because of the procedural defects under the holding in *Shute*.

■ However, in *Jiles v. State*, 751 S.W. 2d 620 (Tex.App.—Houston [1st Dist.] 1988, pet. pending), this Court held that appellate courts have discretion to hear criminal appeals notwithstanding procedural defects in making the application for appeal. We held that the requirements of a written notice of appeal under rule 40(b)(1) may be satisfied when appellant's notice of appeal is reduced to writing by the district clerk. In a similar decision, the Dallas Court of Appeals in *Jones v. State*, 752 S.W.2d 150 (Tex.App.—Dallas 1988, pet. ref'd), held that an unsigned notice of appeal, which was timely filed, was sufficient to invoke jurisdiction and could be amended at a later date upon motion of either party.

■ In this case, appellant has filed a motion with this Court to acknowledge the validity of the notice of appeal or to allow an appropriate amendment of the notice. In accordance with our holding in *Jiles*, we grant appellant's motion and will consider the appeal. The State's motion to dismiss is denied.

We move to appellant's three points of error, in which he complains that the trial court erred in refusing to give the jury instructions on self-defense and on reckless conduct, and in excluding testimony of appellant's statement to the arresting officer that he was afraid of the complainant.

It is well settled that a court must instruct the jury on all defense issues raised by the evidence, regardless of any conflicts in the evidence or the credibility of the evidence. *Booth v. State*, 679 S.W.2d 498 (Tex.Crim.App.1984).

Tex.Penal Code Ann. sec. 9.32 (Vernon 1974) reads:

A person is justified in using deadly force against another: (1) if he would be justified in using force against the other under Section 9.31 of this code;

(2) if a reasonable person in the actor's situation would not have retreated; and

(3) when and to the degree he reasonably believes the deadly force is immediately necessary:

(A) to protect himself against the other's use or attempted use of unlawful deadly force.

The evidence in this case presents a close question on the issue of self-defense. It is undisputed that the complainant was unarmed and did not make any specific threats or open manifestations of deadly force. Furthermore, it is undisputed that appellant left the scene of the initial "staring" altercation with the complainant, and then voluntarily returned to the scene with a weapon. Taking these circumstances as conclusive, it is questionable whether the issue of self-defense was legally raised. *See Werner v. State*, 711 S.W.2d 639, 644 (Tex.Crim.App.1986); *Mathews v. State*, 725 S.W.2d 491, 493 (Tex.App.—Corpus Christi 1987, no pet.); *Bray v. State*, 634 S.W.2d 370, 373 (Tex.App.—Dallas 1982, no pet.). On the other hand, the evidence indicates that a fight was becoming imminent between appellant and the complainant. Both had previously exchanged angry words, and the complainant did make what might reasonably be considered "an aggressive move" toward the appellant. The jury could have inferred from the evidence that the complainant descended the stairs in a menacing manner, and that when appellant ordered him to stop, he threatened to "blow his (complainant's) ass away." Then, undeterred by appellant's warning, complainant continued down the stairs. Furthermore, by the time the complainant started to descend the stairs, the possibility of retreat might not have seemed a feasible course of action to appellant. Thus, there

is some basis for appellant's contention that the jury should have been instructed to decide the issue under the law of self-defense. *See Semaire v. State*, 612 S.W.2d 528, 531 (Tex.Crim.App.1980).

We conclude, however, that we should not decide this question because the case must be reversed and remanded for a new trial on other grounds. Because the evidence to be presented at the new trial on the issue of self-defense may not be identical to that presented at the first trial, we deem it inappropriate to comment further on appellant's first point of error.

We accordingly move to a consideration of the second point of error, in which appellant contends that the trial court erred in refusing to instruct the jury on reckless conduct, a lesser included offense of aggravated assault.

Texas Penal Code, section 6.03(c) (Vernon 1974) defines a reckless mental state as follows:

A person acts recklessly, or is reckless with respect to circumstances surrounding his conduct or the result of his conduct when he is aware of, but consciously disregards a substantial and unjustifiable risk that the circumstances exist or the result will occur. The risk must be of such a nature and degree that its disregard constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances as viewed from the actor's standpoint.

Under the evidence presented in this case, a jury could have decided that appellant was reckless in his conduct of firing a loaded gun in the direction of the complainant; that he was aware of, but consciously disregarded, a substantial risk that someone might be injured as a result of his conduct, and that this constituted a gross deviation from the standard of care that an ordinary person would exercise in those circumstances. When a person knows that a gun is loaded, and he is familiar with guns and their potential for injury, he may demonstrate recklessness by pointing a gun at another person. *See Thomas v.*

*State*, 699 S.W.2d 845, 850 (Tex.Crim.App. 1985).

The test for determining whether a charge on a lesser included offense is necessary is set forth in *Royster v. State*, 622 S.W.2d 442 (Tex.Crim.App.1981), and in *Aguilar v. State*, 682 S.W.2d 556, 558 (Tex. Crim.App.1985), as follows:

First, the lesser included offense must be included within the proof necessary to establish the offense charged. Second, there must be some evidence in the record that if the defendant is guilty, he is guilty of only the lesser offense.

The State concedes that the first prong of the test has been met. Therefore, we discuss only whether there is some evidence in the record that would support the jury's finding that appellant was guilty only of the lesser included offense of reckless conduct.

The indictment charged appellant with aggravated assault in unlawfully, intentionally, and knowingly threatening imminent bodily injury to the complainant by using a deadly weapon.

Tex.Penal Code Ann. sec. 22.05 (Vernon 1974) reads:

(a) A person commits an offense if he recklessly engages in conduct that places another in imminent danger of serious bodily injury.

(b) Recklessness and danger are presumed if the actor knowingly points a firearm at or in the direction of another whether or not the actor believed the firearm to be loaded.

█ Reckless conduct is basically the same offense as aggravated assault, except that it has a less culpable mental state. *Bell v. State*, 693 S.W.2d 434 (Tex.Crim. App.1985).

In *Bell*, the defendant had fired four shots into the occupied trailer house of a neighbor with whom he had been arguing earlier in the day. No one was injured as a result of the shooting. The defendant testified he did not intend to shoot at the trailer or at the occupant, and that he had fired the gun in the air to scare off a possible intruder. Notwithstanding the

physical evidence that the trailer was struck by four bullets, the Court of Criminal Appeals held that the jury, as the sole trier of facts, was entitled to believe all or part of the conflicting testimony, and that by selectively considering the evidence, the jury could have concluded that the defendant "was not acting with intent to threaten imminent bodily injury but was nonetheless pointing the gun at or in the proximity of the trailer, creating a risk that another would be placed in imminent danger of serious bodily injury." *Bell,* 693 S.W.2d at 444. Thus, the court held that it was error for the trial court to refuse appellant's requested charge on reckless conduct.

■ Here, there was conflicting testimony about the complainant's position on the stairs—whether he was a few steps down the stairs, in the middle, or near the bottom of the stairwell. The investigating officer's report showed that a bullet was found embedded in a vacant apartment near the stairway, and there was evidence that appellant knew which apartments were rented and which were vacant. Thus, in spite of the fact that appellant did not take the stand at trial, there was evidence from other sources from which the jury could have inferred that appellant recklessly fired a warning shot intended to hit a vacant apartment.

■ When evidence from any source raises the possibility that the defendant has recklessly placed another in imminent danger of serious bodily injury, a charge of reckless conduct must be given. *Hayes v. State,* 728 S.W.2d 804, 809 (Tex.Crim.App. 1987). The trial court's refusal to give a charge on reckless conduct prevented the jury from considering the evidence on that issue.

For the reasons stated, we sustain appellant's third point of error.

■ We finally move to appellant's related complaint, asserted in his first point of error, that the court erred in excluding certain testimony given by the arresting officer. During the trial, the police officer testified that he entered appellant's apart-

ment within minutes following the shooting. On cross-examination, appellant's counsel elicited information that the officer had talked to appellant in his apartment. When appellant's counsel asked the officer what appellant had said, the officer replied:

A. He said it had ruined his life and he did not want to say anything until he had spoken with his attorney.

Q. Did he ever give you any indication of why certain things might have happened?

A. He stated that there had been a long history of disturbances and—

Mr. Vinson (The prosecutor): I would object to any self-serving statement from the defendant.

The Court: Sustained.

On bill of exceptions, appellant's counsel obtained the police officer's testimony that appellant had said that he was afraid of the Johnson brothers at the time of the incident.

The State concedes that the excluded testimony might have been admissible under the state of mind exception to the rule against hearsay, but the State argues that the testimony was inadmissible because it was not relevant. Although the State's objection was that the testimony was self-serving, rather than irrelevant, the State argues that because the trial court sustained the objection, its ruling must be upheld if there is any legal basis for doing so. *See Esco v. State,* 668 S.W.2d 358 (Tex.Crim.App.1982) (op. on reh'g).

We overrule the State's contention because we conclude that the proffered testimony was relevant and admissible. The officer's testimony that appellant was afraid of the Johnson brothers was relevant to show appellant's state of mind at the time he committed the offense. His fear of the Johnson brothers, if that fact was believed by the jury, related to the ultimate issue of whether he had "unlawfully, knowingly, and intentionally" threatened the complainant with imminent bodily injury. Accordingly, we hold that it was error to exclude the testimony that tended to show appellant feared the Johnson brothers. Because appellant did not take

the stand at trial, this evidence was critical to his defense, and we cannot say that the exclusion of the evidence made no contribution to appellant's conviction.

We therefore sustain appellant's first point of error.

The judgment of the trial court is reversed, and the cause is remanded for a new trial.