Billy Ray MOSS, Appellant,

v.

The STATE of Texas.

No. 2–94–300–CR.

Court of Appeals of Texas, Fort Worth.

April 11, 1996.

Jan Alan Behr, Fort Worth, for appellant.

Tim Curry, Criminal District Attorney, Betty Marshall and Chuck Mallin, Assistant Chiefs of the Appellate Division, C. James Gibson, Kevin Rousseau and John Harding, Assistants, Fort Worth, for appellee.

Before BRIGHAM, J., and CHUCK MILLER and H. BRYAN POFF, Jr., JJ. (Sitting by Assignment).

## OPINION

CHUCK MILLER, Justice (Sitting by Assignment).

Appellant, Billy Ray Moss, was indicted by the Tarrant County grand jury for the offense of aggravated assault with a deadly weapon, enhanced by two prior convictions. TEX.PENAL CODE ANN. § 22.02(a)(2) (Vernon 1994). After a jury found him guilty, the trial court assessed his punishment at twenty-five years in the Institutional Division of the Texas Department of Criminal Justice. On appeal, he brings as his sole point of error that the trial court erred by not submitting to the jury a requested charge on the lesser included offense of assault with bodily injury. We affirm.

Appellant urges that assault is a lesser included offense of aggravated assault and was raised by the evidence in this case. He was indicted for committing an assault while using a deadly weapon. The State concedes that assault in this case is a lesser included offense but counters appellant's point of error with the response that the lesser included offense was not raised by the evidence. A recitation of the pertinent testimony is therefore necessary.

On September 10, 1993, the victim, Kimberly Woods, her three children, and appellant were living together in an apartment complex in Fort Worth. On that evening appellant was at work, and Woods was visiting the next door neighbor, Freddie Bluitt. Appellant had previously forbidden Woods to visit Bluitt. Unexpectedly, appellant appeared at Bluitt's door and yelled for Woods to come out, saying: "Bitch, bring your ass out of there. I done told you not to have your ass out of the house when I ain't there." She complied, and appellant proceeded to repeatedly assault her physically in order to force her up the stairs to their bedroom. Once there, appellant physically assaulted her and threatened her, saying: "Bitch, you think I'm playing with you? I'll kill your ass right now, you know." After punching her more, appellant left and immediately returned with a gun in his hand, held it to her head, and said: "You don't believe I'll kill your ass." After further threats, appellant left and later Woods went back to Bluitt's apartment, and the police were summoned. Appellant was arrested ten days later at the apartment complex.

The State's police witnesses stated that they did not observe a gun at the scene, and appellant was not armed when arrested. Although Woods wavered in the description of the physical appearance of the pistol, calling it chrome or silver at one time and brown at another, .25 caliber at one time and larger than that at another, she was steadfast that it was in fact a handgun and that it was in appellant's hand when he last entered the bedroom and that its barrel was in fact held to her head by appellant. Appellant's sister testified that she lived with Woods and appellant in the apartment during this time

frame and that she did not ever observe a gun at the apartment. Appellant's mother testified that she never observed any guns in the apartment. There were no witnesses to the incident.

 In determining whether a lesser included offense is raised by the evidence, the court is to consider all the evidence presented at trial. *Lugo v. State,* 667 S.W.2d 144, 147 (Tex.Crim.App.1984). Whenever evidence from any source raises an issue that a lesser included offense may have been committed, the charge must be given on request. *Moore v. State,* 574 S.W.2d 122, 124 (Tex. Crim.App. [Panel Op.] 1978). Evidence must be considered regardless of whether it is strong or weak, unimpeached, or contradicted. *Booth v. State,* 679 S.W.2d 498, 500 (Tex.Crim.App.1984). In *Aguilar v. State,* 682 S.W.2d 556 (Tex.Crim.App.1985), a majority of the court of criminal appeals adopted the plurality opinion of *Royster v. State,* 622 S.W.2d 442 (Tex.Crim.App.1981) (op. on reh'g), which set forth the two-prong test to be used in determining whether a charge on a lesser included offense is raised and therefore should be given to a jury:

> First, the lesser included offense must be included within the proof necessary to establish the offense charged. Secondly, there must be some evidence in the record that if the defendant is guilty, he is guilty of only the lesser offense.

*Aguilar,* 682 S.W.2d at 558 (quoting *Royster,* 622 S.W.2d at 446). Under *Aguilar,* there must be some evidence that the jury could believe that would negate guilt of the element or fact raising the lesser included offense to the greater charged offense. If evidence exists that would allow the jury to selectively believe evidence that would negate such an aggravating element or fact, yet still allow them to convict a defendant of the lesser offense, then a charge must be given. *See Lugo,* 667 S.W.2d at 146–47. A jury, as the sole trier of fact, is entitled to believe all or part of the conflicting testimony proffered and introduced by either side. *Bell v. State,* 693 S.W.2d 434, 443 (Tex.Crim.App.1985).

Thus, in the case at bar if, by selectively believing some of the proffered and introduced evidence adduced at trial and rejecting other proffered and introduced conflicting evidence, the jury could have concluded that appellant committed the assault upon Woods but did not use a handgun, then the trial judge should have given the requested charge. *Id.* With these principles in mind, we analyze the evidence in this case to determine if the trial judge should have given the requested charge.

 The testimony urged by appellant to negate the appellant's use of the handgun was his mother's and sister's lack of observation of a gun in the apartment on occasions other than the occasion in question. On its face, such testimony falls far short of negating the use of the handgun on September 10th. Woods's vacillation on the exact description of the weapon likewise falls far short of evidence that no gun was used. A fair characterization of her testimony is that she was unwavering in her observation of a handgun in appellant's hand and pointed at her head.

Appellant cites *Mullins v. State,* 767 S.W.2d 166 (Tex.App.—Houston [1st Dist.] 1988, no pet.), as authority. In *Mullins,* the defendant, charged with aggravated assault by shooting at (but missing) another person (and hitting the wall), requested a charge on reckless conduct, contending that there was evidence that he intended to fire a warning shot into a vacant apartment wall. Both the complainant and the defendant were on a set of stairs, but there was conflicting evidence about who was where before the defendant fired a single shot in the general direction of the complainant but into the wall of a vacant apartment. There was evidence that the defendant knew the apartment was vacant. Thus, the court of appeals held that the jury could have believed that the defendant fired a warning shot intended to hit a vacant apartment, and that a charge on the lesser included offense of reckless conduct should have been given. *Id.* at 170.

We believe that *Mullins* is factually distinguishable from the case at bar. In *Mullins,* there was "proffered and introduced evidence" negating the element of "intentionally or knowingly threatens another with imminent bodily injury" contained in section

22.01(a)(2) of the Penal Code.[1] *Id.; see Bell,* 693 S.W.2d at 443–44; *Lugo,* 667 S.W.2d at 149. Here, as previously stated, there was simply no such evidence.

Appellant's sole point of error is overruled. The judgment of the trial court is affirmed.

---

**1.** *See* Tex.Penal Code Ann. §§ 22.02(a), 22.01(a)(2) (Vernon 1994).