Alpha Tippens, Jr. v. The State of Texas















IN THE
TENTH COURT OF APPEALS
 

No. 10-98-110-CR

     ALPHA TIPPENS, JR.,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the 87th District Court
Freestone County, Texas
Trial Court No. 97-120-CR
                                                                                                               

MEMORANDUM OPINION
                                                                                                               

      On March 24, 1998, Alpha Tippens, Jr. pled guilty to the offense of forgery, and the court
assessed an enhanced punishment of three years’ incarceration in the Institutional Division of
the Texas Department of Criminal Justice. See Tex. Pen. Code Ann. 32.21(d) (Vernon
1994). Tippens filed a notice of appeal on April 22, 1998. Tippens has now filed a motion to
voluntarily dismiss his appeal. 
      The appellate rule governing voluntary dismissals in criminal appeals states:
At any time before the appellate court’s decision, the appellate court may dismiss the
appeal if the appellant withdraws his or her notice of appeal. The appellant and his or
her attorney must sign the written withdrawal and file it in duplicate with the appellate
clerk. . . .

Tex. R. App. P. 42.2(a).

      We have not issued a decision in this appeal. The motion is signed by both Tippens and
his attorney. Thus, the motion meets the requirements of the rules and is granted.
      Tippens’ appeal is dismissed.
                                                                               PER CURIAM

Before   Chief Justice Davis, 
            Justice Cummings, and
            Justice Vance
Dismissed on appellant's motion
Opinion delivered and filed July 8, 1998
Do not publish



es me
over the back of my head. At the same time, he is hooking under my leg to try to pull me
over some kind of way. I am trying to find out what is going on. I asked him what he
was doing and why was he hitting on me. He did not make any reply, but continued to put
his fists on the side of my face and started grabbing on my arm. Somehow, he was moving
around me, twisting my coat and grabbing up around my neck. It was coming into a
wrestling. I guess he was trying to wrestle me to the ground. I was trying to push away
from him. He wrestled me to the ground. I saw his gun on my left hand side and I reach
for the gun and picked it up and shot the gun twice. When I shoot the gun, all of a sudden
he straightened himself up. The guy who was shot was laughing. I do not know what he
did from there. I got off from the ground. I saw some people on the side. I throwed the
gun to the ground and just remained there. After a second or so, the police had come up.

          The court charged the jury on the lesser-included offenses of murder and voluntary
manslaughter and on the defense of insanity. Appellant's points attack the court's denying his
request for charges on the lesser-included offenses of aggravated assault and reckless conduct, as
well as a charge on self-defense.
 
LESSER-INCLUDED OFFENSES
          Appellant argues that his intent is the difference between a conviction for attempted capital
murder or aggravated assault or reckless conduct. We agree in part and disagree in part.
          In determining whether a jury must be instructed concerning a lesser-included offense, a
two-step analysis must be applied. Royster v. State, 622 S.W.2d 442, 446 (Tex. Crim. App.
[Panel Op.] 1981) (on rehearing). First, the lesser-included offense must be included within the
proof necessary to establish the offense charged. Id. Second, there must be some evidence in the
record showing that, if the defendant is guilty, he is only guilty of the lesser offense. Id.; see also
Moreno v. State, 702 S.W.2d 636, 640 (Tex. Crim. App. 1986).
          Aggravated assault and reckless conduct are lesser-included offenses of attempted capital
murder. Godsey v. State, 719 S.W.2d 578, 584 (Tex. Crim. App. 1986). Both, then, meet the
first prong of the test. Id. We must determine if there is some evidence in the record showing
that, if Appellant is guilty, he is only guilty of either of the lesser offenses. 
          aggravated assault
          The elements of second-degree felony aggravated assault, as applied to these facts, are (1)
a person, who (2) intentionally, knowingly, or recklessly (3) causes serious bodily injury to
another (4) using a deadly weapon. See id.; Tex. Penal Code Ann. § 22.02 (Vernon Supp.
1991). The elements of reckless conduct are (1) a person, who (2) recklessly engages in conduct
(3) that places another in imminent danger of serious bodily injury. Tex. Penal Code Ann. §
22.05 (Vernon 1989).
          The State relies on Godsey for the proposition that the defendant's deliberate pointing of
a gun at peace officers was evidence of his intent to kill. See Godsey, 719 S.W.2d at 584. 
Although it is true that the court said that Godsey's actions manifested only an intent to kill and
did not evidence a mere threat, the court stressed that the effect of Godsey's position at trial was
"I was not there so I could not intend to kill anyone." Id. at 584-85. If his position were accepted
as true, Godsey would have been guilty of no offense. Id. at 584. The opinion points out that the
statements by which Godsey attempted to negate intent to kill could not be considered in a
vacuum, but must be considered in the context of the facts. Id. Thus, Godsey's statements to the
effect that he could not have intended to kill because he was not there did not fit within the context
of the other facts of the offense and could not amount to some evidence of the lesser offense. Id.
          When we examine all of the evidence to determine in the context of the facts if the lesser-included offense was raised, the manner in which Carter approached Appellant, the scuffle which
ensued, and Appellant's statement about the events lead us to the conclusion that there is some
evidence that Appellant was guilty of only the offense of aggravated assault and that the jury
should have been so charged. See id. We sustain point one.
          reckless conduct
          Reckless conduct may be a lesser-included offense of aggravated assault. See, e.g.,
Mullins v. State, 767 S.W.2d 166, 169 (Tex. App.—Houston [1st Dist.] 1988, no pet.). Here,
the elements which would distinguish the offenses, i.e., actual serious bodily injury and use of a
deadly weapon, are undisputed. The element of recklessness is common to both offenses. Thus,
if Appellant is guilty of reckless conduct, he is also guilty of aggravated assault. See Tex. Penal
Code Ann. §§ 22.02, 22.05 (Vernon Supp. 1991 and Vernon 1989). In the context of the facts
presented, no charge on the lesser-included offense of reckless conduct was necessary. We
overrule point two.
SELF-DEFENSE
          Appellant complains that he was denied a charge on self-defense. Because we are reversing
the judgment for failure to include the lesser-included offense of aggravated assault in the charge,
we conclude that we should not decide this question. See Mullins, 767 S.W.2d at 169. The
evidence is not well developed about the statutory or other justification which Carter may have had
for arresting Appellant. Because the evidence on the issue of self-defense which will be presented
at the new trial may not be identical to that presented at this trial, we deem it inappropriate to
comment further on point three. See id.
          We reverse the judgment and remand the cause for a new trial.
 
                                                                                 BILL VANCE
                                                                                 Justice

Before Chief Justice Thomas,
          Justice Cummings and
          Justice Vance
Reversed and remanded
Opinion delivered and filed January 8, 1992
Do not publish